IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BONNIE M. JAHANGIRI, individually,

Plaintiff,

v.

PETSMART, INC., an Arizona corporation,

Defendant.

Case No.: 3:12-cv-1577-AC

ORDER ON
OBJECTIONS TO WITNESSES

ACOSTA, Magistrate Judge:

This order addresses Defendant PetSmart, Inc.'s ("Defendant") objections to Plaintiff's witnesses; Plaintiff Bonnie Jahangiri's ("Plaintiff") has not objected to any of Defendant's witnesses. The court has also issued a separate order containing its rulings on the parties' respective motions in limine. In the event of a conflict between this order and the court's ruling on the parties' motions in limine, the court's motion in limine rulings control.

ORDER ON OBJECTIONS TO WITNESSES  1

### Plaintiff's Witnesses

1. Objection to cumulative evidence.

    **RULING: SUSTAINED in part, OVERRULED in part.**

    Defendant asserts a single, general objection of cumulativeness to Plaintiff's witnesses. Specifically, Defendant objects to the number of witnesses Plaintiff has listed whose testimony will be "solely offered to describe the witness's perceived condition of Plaintiff before and after her alleged fall on September 2, 2010." Plaintiff responds that Defendant's objection is untimely and that any cumulative nature of the testimony will not be evidence until trial.

    Plaintiff lists fourteen witnesses, eight of whom are listed as witnesses who will describe their respective observations of Plaintiff's physical condition and her pain and suffering after her September 2, 2010 fall. Of these eight witnesses, five are identified as members of Plaintiff's family, two are identified as friends of Plaintiff, and one is identified as Plaintiff's pastor. Plaintiff also is listed as one of her fourteen trial witnesses, and she likely will also testify about her physical condition after her fall.

    Under Federal Rule of Evidence 403, the court may prevent the introduction of relevant evidence if the party is "needlessly presenting cumulative evidence." The key inquiry is repetitiveness; evidence that overlaps with other evidence, or similar evidence that varies in persuasive force, is not necessarily cumulative. CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 96 (2nd ed. 1994). The court's discretion should be exercised "in a discriminating fashion," and includes "the power to limit both the amount of evidence admitted for a particular purpose and the number of witnesses a party may call for one purpose." *Id.*

    The Plaintiff's witness statements provide some guidance to the court, despite their

sparseness. Plaintiff's two friends, Heidi Boise and Nicole Fetters, will speak to different aspects of Plaintiff's activities. Boise will testify to her observations of Plaintiff's "need for assistance with driving and home chores." Fetters will testify to assisting Plaintiff with her 2012 move. Each witness may so testify. Plaintiff's pastor, Bob Dick, will testify to "the assistance he organized through the church to address some of plaintiff's physical limitations at various times since the fall." This testimony is not repetitive of the testimony to be given by Boise or Fetters, and thus is not cumulative. Accordingly, these three witnesses may testify to these specific observations, and each may describe their observations of Plaintiff's pre-fall condition as context for their testimony. Plaintiff is cautioned, however, that these witnesses' testimony should not be duplicative of one another so that cumulativeness is avoided.

Plaintiff's five family members present a different evidentiary situation, as each is proposed to testify to their observations of Plaintiff "both before and after" Plaintiff's fall. Here, Plaintiff's witness statements disclose little, if any, distinction among the testimony of Plaintiff's five family-member witnesses, thus making more likely their collective testimony will be repetitive. Accordingly, from these five witnesses Plaintiff must choose three to testify at trial. The court cautions Plaintiff that those family-member witnesses Plaintiff chooses to testify about her injuries still are subject to Rule 403's prohibition on presenting cumulative evidence, and that the court will enforce the rule at trial, if necessary.

IT IS SO ORDERED.

DATED this 25th day of February, 2015.

JOHN V. ACOSTA
United States Magistrate Judge